**UNITED STATES of America,**
**Appellant,**

v.

**Rufus M. BELL, J. Francis Bell and Cora May Bell, His Wife, Louis A. Bell and Janette Bell, His Wife, Clyde A. Bell and Beverly Bell, His Wife, and Glen A. Bell and Dorothy Bell, His Wife, Appellees.**

No. 18305.

United States Court of Appeals
Eighth Circuit.

July 14, 1966.

Roger P. Marquis, Attorney, Land & Natural Resources Division, Dept. of Justice, Washington, D. C., for appellant; Edwin L. Weisl, Jr., Asst. Atty. Gen., Elizabeth Dudley, Attorney, Dept. of Justice, Washington, D. C., and Charles M. Conway, U. S. Atty., Fort Smith, Ark., on the brief.

Boyd Tackett, of Shaver, Tackett & Jones, Texarkana, Ark., for appellees.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

PER CURIAM.

On July 30, 1963, the United States issued a declaration of taking of certain lands in Howard County, Arkansas, in connection with the Millwood Dam and Reservoir Project. Rufus M. Bell and others, who are the appellees here, owned a tract of 1187.21 acres. Taken from their land were perpetual flowage easements over several hundred acres, a perpetual easement and right-of-way for a railroad, and a 5-year temporary easement for a borrow pit and waste disposal place for the project.

The district court appointed a condemnation commission pursuant to Rule 71A(h), Fed.R.Civ.P. Each side presented three expert appraisers. The owners' appraisers proposed damage figures between $71,150 and $75,000, or approximately double those of the government's appraisers. The commission in its report reviewed the testimony of the witnesses and arrived at a before-taking value of $140,000, an after-taking value of $85,000, and an award of $55,000. The government filed objections. These were sustained by the district court on the ground that the report did not comply with the requirements of United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964), because it did not indicate precisely which testimony was accepted or how the commission arrived at the sum awarded.

The commission thereupon amended its report. It acknowledged that it had used "quotient values". It found that the testimony of owners' witness Cheatham was correct as to the before-taking value but was to be reduced by 5%; that the testimony of government witness Harbart was correct as to after-taking value; that damages were $58,500; and that just compensation was $55,000. The government objected because of the obvious inconsistency in the compensation figures. The commission then advised the court that the award should be $56,000.

The government again objected. The district court filed an opinion summarizing the testimony and holding that the requirements of *Merz* had now been met. It approved the report as amended with the exception that it did not sustain the $1,000 increase in the amount over that contained in the original report. Judgment was then entered confirming compensation in the amount of $55,000. The government appeals.

The United States here asserts that the amended report is still inadequate, that it fails to show how the commission arrived at its award, and that it is clearly erroneous. The government asks that the case be remanded for trial by jury.

We are not favored with a brief or formal opposition from the appellees. Their counsel has written the court stating among other things:

"You will note that the government merely seeks a new trial by a jury. The landowners are just as anxious

for a new trial as the government. The landowners welcome a new trial before the same commission, a new commission, or a jury. Therefore, on behalf of the landowners, we are not in a position to present an argument that there should be no new trial. * * *

"This is the most useless appeal ever presented to this court for the simple reason that the appellee landowners have no objection to a new trial before any type of fact finding tribunal. * * *

"We reiterate our desire to stipulate with the government to forget the award and retry the case before any fact finding body of its selection."

The posture of the case, therefore, is one where both sides are dissatisfied with the result in the district court, where both desire that the compensation issue be retried, where one wants that retrial before a jury, and where the other professes unconcern about the identity of the fact-finder.

■ The decided cases indicate that parties to an appeal of a civil suit do not enjoy an absolute right to direct, by agreement, the appeal's disposition; on the other hand, the appellate court usually possesses discretion to remand the case for a new trial where the parties so agree. See 5B C.J.S. Appeal and Error § 1837b and § 1887 (1958), and cases cited; 5 Am.Jur.2d Appeal and Error § 948 (1962). Arbuckle v. Quigley, 131 U.S. 428, 9 S.Ct. 795, 33 L.Ed. 213 (1889), appears to be an instance where the Supreme Court reversed and remanded pursuant to stipulation of counsel. We note, in this connection, that the owners in their letter stated that they "can not confess error for the reason that appellees can find no error". We also note that, in criminal appeals, the Supreme Court has said that a confession of error by the government does not relieve the Court of its performance of the judicial function. The confession "is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed.

* * * Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties". Young v. United States, 315 U.S. 257, 258–259, 62 S.Ct. 510, 511, 86 L.Ed. 832 (1942); Gibson v. United States, 329 U.S. 338, 344, footnote 9, 67 S.Ct. 301, 91 L.Ed. 331 (1946). See Janko v. United States, 366 U.S. 716, 81 S.Ct. 1662, 6 L.Ed.2d 846 (1961).

■ In any event, we have carefully reviewed the record in this case and have concluded that the commission's amended report does not meet the requirements of *Merz*. Our doubt centers in (a) the commission's acceptance of one expert's testimony as to before-taking value and its rejection of his testimony as to after-taking value; (b) its acceptance of the testimony of another witness for the after-taking value and its rejection of his testimony for before-taking value; (c) its failure to indicate why these particular partial selections were made and all other testimony disregarded; (d) its unexplained discount of 5% on the before-taking figure it decided to accept; (e) its conceded use of quotients or averages; and (f) the absence of information as to its recognition and use, if any, of comparable sales, severance aspects, improvements and variations in terrain. All this leaves one ill advised as to the reasons for the award amount and as to the path which the commission followed in arriving at its result. That path and the supporting reasons are essential. United States v. Merz, supra, p. 199 of 376 U.S., p. 643 of 84 S.Ct.; Morgan v. United States, 356 F.2d 17, 23 (8 Cir. 1966). Their absence makes remand necessary.

■ There remains the question as to how the compensation issue shall be resolved. We are willing to have the trial court determine, in its discretion, whether this task is to be performed by a jury, or by the court, or by the same or another commission. We venture to suggest, however, in the light of the circumstances here, that the issue now be submitted by way of a full trial to a

jury. We indulge in this suggestion because the Supreme Court has expressly left open the question of a party's right to a jury trial, notwithstanding Rule 71A(h), when demand therefor is made, United States v. Merz, supra, p. 194 of 376 U.S., footnote 2; because the government made just such a demand here with its complaint; and because the owners have expressed their willingness to have the matter tried to a jury. By so doing, one possible legal question is avoided. See United States v. Leavell & Ponder, Inc., 286 F.2d 398, 407–409 (5 Cir. 1961), cert. denied 366 U.S. 944, 81 S.Ct. 1674, 6 L.Ed.2d 855; p. 640 of 84 S.Ct.; United States v. Bobinski, 244 F.2d 299, 301 (2 Cir. 1957); 7 Moore's Federal Practice, Par. 71A.90[3] (2d ed. 1955).

The judgment is vacated and the case remanded. No costs are allowed.