George W. **PRECHTER**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 24394.

United States Court of Appeals
Fifth Circuit.

Aug. 20, 1968.

Michael D. Haas, Bay St. Louis, Miss., for appellant.

R. E. Hauberg, U. S. Atty., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, William M. Cohen, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

GEWIN, Circuit Judge.

This is an appeal by George Prechter (appellant) from the judgment and order in a condemnation proceeding entered by the United States District Court for the Southern District of Mississippi. Appellant complains of an award based upon the findings and conclusions of a three-man commission which heard the evidence on the question of just compensation.[1] He objected to the report of the commission but was overruled by the district court which entered an order confirming the award. From this order appellant has prosecuted this appeal.

Appellant owned an 80 acre tract of land in Hancock County, Missisippi, which he had purchased in fee during the period from 1957 to 1959 at a total cost of $4,000. At the time of purchase there were no buildings, residences, barns, or wells on the land, and no subsequent improvements have been made. There has been an improvement in road conditions since purchase. Electricity was available on the property through distribution lines owned and operated by Coast Electric, a Rural Electrification Authority Cooperative. The Mississippi Power Company acquired a transmission line easement over approximately six acres of the eighty acre tract. Telephone

---

1. The three-man commission was appointed pursuant to Rule 71A(h), F.R.Civ.P., which provides:

    "(h) Trial. If the action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it. If a commission is appointed it shall have the powers of a master provided in subdivision (c) of Rule 53 and proceedings before it shall be governed by the provisions of paragraphs (1) and (2) of subdivision (d) of Rule 53. Its action and report shall be determined by a majority and its findings and report shall have the effect, and be dealt with by the court in accordance with the practice, prescribed in paragraph (2) of subdivision (e) of Rule 53. Trial of all issues shall otherwise be by the court."

service was also available and a gas transmission line was located near the property.

This tract was one of many located in a buffer zone which was created by the National Aeronautics and Space Administration around its Mississippi Test Facility to provide protection against the tremendous noise and vibration caused by the test firing of rockets at the facility. This buffer zone was created by NASA through the imposition of restrictive use easements on the lands in the area involved.[2]

■ The commission was correctly charged that the formula to be used in ascertaining just compensation should be the difference between the fair market value of the tract before the imposition of the easement and its fair market value after such imposition. The parties agreed that the optimum use of the land after the taking was for growing timber. The highest and best use prior to the taking and the question of value were sharply contested.

■■ A fact which was apparently almost unnoticed until oral argument before this court was the complete failure of the commission to place a pre-taking value upon seven acres of appellant's land.[3] During oral argument, the government conceded that the seven acres were completely absent from the commission's report, but argued that any objection to such omission was waived by appellant's failure to raise the point before the district court. We are unable to accept this position. We are not concerned here with an evidentiary question which we have frequently held must be raised in the district court before it will be considered on appeal. United States v. Benning, 330 F.2d 527 (9 Cir. 1964); United States v. Cooper, 277 F.2d 857 (5 Cir. 1960). Rather, the objection here is to the complete failure of the commission to place any value whatsoever on seven acres of Prechter's land. Such an error can and must be noticed on appeal, even if raised for the first time. Here appellant did object to the award as in-

2. The easement imposed reads as follows: "The estate taken for said public uses in the hereinafter described land is a perpetual and assignable easement for the establishment, maintenance, operation and use or a restricted area in, on, over and across the land . . . consisting of the right to prohibit human habitation or human occupancy of dwellings and other buildings, and the right to prohibit the construction of dwellings and other buildings susceptible of being used for human habitation or human occupancy; together with all right, title and interest in and to the dwellings and other buildings now situated on the land and which are susceptible of being used for human habitation or human occupancy, including the right to demolish, remove, relocate or leave in place said dwellings and other buildings; the right to post signs indicating the nature and extent of the Government's control; and the right of ingress and egress over and across said land for the purpose of exercising the rights set forth herein; subject, however, to existing easements for public roads and highways, public utilities, railroads and pipelines; reserving, however, to the land owners, their heirs, executors, administrators, successors and assigns all right, title, interest and privilege as may be used and enjoyed without interfering with or abridging the rights, title, and interest hereby taken for said public uses."

3. The record reveals the following computations of the commission:
"Fair market value before the imposition of the easement:

| | | |
|---|---|---:|
| 5 acres homesite on Kiln-Picayune Road at $200.00 per acre | | $1,000.00 |
| 5 acres on Corner's Road at $150.00 | | 750.00 |
| 6 acres within power line easement at $50.00 | | 300.00 |
| 57 acres of timberland at $75.00 | | 4,275.00 |
| Total 'before' value | | 6,325.00 |
| Fair market value after the imposition of the easement: | | |
| 80 acres at $35.00 | | 2,800.00 |
| Just compensation | | $3,525.00" |

adequate, arbitrary, and not based upon any of the testimony. In the circumstances of this case, such allegations are sufficient to allow a review of the complete omission of these seven acres from the commission's pre-taking calculation of value. We conclude that the omission of the pre-taking evaluation of these seven acres requires a reversal, and a resubmission of the case for new findings and conclusions as to value before and after taking according to the proper standard based on evidence to be heard on resubmission. The record does not reveal why the seven acres were omitted from the report and we decline to speculate.

■ The appellant makes numerous contentions before this court which we find unnecessary to consider because of our disposition of the case. However, the contention that the findings and conclusions of the commission were conclusory does deserve comment. In United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964), the Supreme Court, in discussing the standards to be met by a commission's report in condemnation proceedings, stated:

"Conclusory findings are alone not sufficient, for the commission's findings shall be accepted by the court 'unless clearly erroneous'; and conclusory findings as made in these cases are normally not reviewable by that standard, even when the District Court reads the record, for it will have no way of knowing what path the commissioners took through the maze of conflicting evidence. See United States v. Lewis, 9 Cir., 308 F.2d 453, 458. The commissioners need not make detailed findings such as judges do who try a case without a jury. Commissioners, we assume, will normally be laymen, inexperienced in the law. But laymen can be instructed to reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on. We do not say that every contested issue raised on the record before the commission must be resolved by a separate finding of fact. We do not say that there must be an array of findings of subsidiary facts to demonstrate that the ultimate finding of value is soundly and legally based. The path followed by the commissioners in reaching the amount of the award can, however, be distinctly marked. Such a requirement is within the competence of laymen; and laymen, like judges, will give more careful consideration to the problem if they are required to state not only the end result of their inquiry, but the process by which they reached it." 376 U.S. 192 at 198, 84 S.Ct. 639 at 643.

In view of our conclusion that the case must be resubmitted to the commission, evidence taken, and another report made, a detailed and critical analysis of the commission's report heretofore made to the district court is not required. However, we do feel that it is appropriate to state that it is extremely doubtful that the report made by the commission meets the standards set forth in the *Merz* decision and in the instructions given by the district court.[4] A mere summary of the evidence and the assertion of conclusory statements is not sufficient. The next report should comply with the requirements set forth in the instructions of the lower court and in the *Merz* decision.

Reversed and remanded.

4. The pertinent part of these instructions was:
 "The reasoning used in deciding on a particular award, what standards you tried to follow, what line of testimony you adopted, what you considered the highest and best use of the property, what sales you considered most comparable and to which you gave the most weight, should be clearly stated."