UNITED STATES of America, Plaintiff,

v.

**298.31 ACRES OF LAND, MORE OR LESS, situated IN BOONE AND POLK COUNTIES, STATE OF IOWA, and Freeman H. Forrest, et al., Defendants.**

Civ. No. 73–158–1.

United States District Court,
S. D. Iowa, C. D.

April 6, 1976.

Allen L. Donielson, U. S. Atty., James R. Rosenbaum, Asst. U. S. Atty., S. D. Iowa, Des Moines, Iowa, for plaintiff.

Lawrence E. Myers, Austin, McDonald, Myers & Peterson, Robert W. Seery, Williams & Seery, Des Moines, Iowa, for defendants.

## ORDER

STUART, District Judge.

■ This matter came on for hearing before the Court on the defendants' objections to the land commission report on February 6, 1976. The defendants were represented by Robert W. Seery and Lawrence E. Myers. The United States appeared through James R. Rosenbaum. The Court has examined defendants' objections to the report as well as all other pertinent information and finds that the cause should be remanded to the commission. The Court holds that in the instances specified the commission report does not go beyond the state of conclusory findings and it is clear that "conclusory findings are alone not sufficient * * *". *United States v. Merz* (1964), 376 U.S. 192, 199, 84 S.Ct. 639, 643, 11 L.Ed.2d 629, 634.

This is a complicated land condemnation case involving one large parcel of land which has been taken in four tracts. The Court has had before it a partial transcript and detailed brief not available to the commissions as well as the commissioner's report which contains an excellent summary of the evidence. Part of the land is used for farming and other parts have been used for quarrying. All four tracts were taken in fee simple, although the landowners were given a right to remove gravel on two tracts for a certain period of time. The land commission valued the land at $200,000 before taking; this was the landowners' opinion. The commission adopted a figure of $115,000 for the after taking value; this was approximately the government expert's determination. Just compensation was thus set at $85,000. The commission stated that it relied upon the "income theory" in determining just compensation.

■ It is clear that in a condemnation case brought under federal law that the facts and report of the land commission are to be accepted unless clearly erroneous. Fed.R.Civ.P. 71A(h) and 53(e)(2). *United States v. Merz*, supra, is the leading case for determining whether a land commission report passes muster under this clearly erroneous standard. In *Merz*, the Supreme Court stated:

The commissioners should also be instructed as to the kind of report to be filed. * * * Conclusory findings are

alone not sufficient * * *. The commissioners need not make detailed findings such as judges do who try a case without a jury. * * * But layman can be instructed to reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on.

*Id.* at 198, 84 S.Ct. at 643, 11 L.Ed.2d at 634.

■ Applying this standard to the instant case, the Court must conclude that the report, as it now stands, is clearly erroneous. The commission stated that it would rely upon the income method to determine just compensation, although it would also consider other data. To determine the value of property by the capitalization of income method, the following is required: "the future net income to be expected from the property is discounted to the present to provide for both a return on the investment and an amortization of the investment". *United States v. Certain Interests in Property* (N.D.Cal., 1960), 186 F.Supp. 167, 168. In using this method, "perhaps the most vital factor in the process of capitalization of income is the determination of the capitalization rate". *United States v. Tampa Bay Garden Apartments, Inc.* (5th Cir., 1961), 294 F.2d 598, 607. See also, *Sill Corp. v. United States* (10th Cir., 1965), 343 F.2d 411.

■ The commissioners noted that "we have been confronted with contradictory evidence, not only on the matter of 11 plus acres in Tract 3, but also on the theories and methods of computation of the experts". Report of Commission at 25a. But rather than sorting through the conflicting evidence and setting forth their reasons for doing so, the commissioners rather summarily accepted the landowners estimate of before-taking valuation and the government expert's after-taking valuation to determine just compensation. The Court has been provided with no detailed rationale which was used to determine just compen-

sation. The report is thus not sufficient under the teachings of *Merz.*

For instance, there is general agreement that the capitalization of income method is the proper way to value the property in question. The landowner did not use this method, but yet the commission accepted his before-taking valuation. The after-taking valuation of the government expert was based on the income theory. It would appear that the before-taking value should be based on the same method as the after-taking value and that the commission should arrive at the before-taking value by using the income method, having concluded that method is preferable under the evidence. The use of inconsistent methods to determine the award casts a shadow over the ultimate determination.

■ The commissioners realized that Mr. Hayes, testifying for the government, apparently made a mistake in determining after-taking value under the capitalization of income method: "During * * * (cross) examination, the witness admitted that one set of figures he had used in his testimony was in error but insisted that his theory was sound and had ample support in the undisputed facts and in the financial market during the period of time involved." Report of Commission at 18. Mr. Hayes' explanation as to how he arrived at a discount rate of 20 per cent to be applied to the Inwood tables was highly unsatisfactory. Yet the commission accepted his opinion as to the after-value stating that "we use Mr. Hayes valuation of $116,500, and round it off at $115,000". Report of Commission at 25b. Even though the commission stated that it considered all other evidence, this is not sufficient to explain the result, for the Court does not believe that the report adequately explains why the commission accepted Hayes' valuation. The commissioners have not indicated how and why they accepted certain evidence and rejected other evidence, nor did the commissioners give a pathway for arriving at their after-taking valuation. "(T)his leaves one ill advised as to the reasons for the award amount and as to the path which the com-

mission followed in arriving at its result. That path and the supporting reasons are essential. (Citations) Their absence makes remand necessary." *United States v. Bell* (8th Cir., 1966), 363 F.2d 94, 96. It is the Court's opinion that as the commission determined to use the capitalization of income method to determine just compensation, the commission should set forth the subsidiary facts upon which it relies, that is, the commission should disclose the income stream, the duration of the stream, and the appropriate discount rate to be applied in arriving at a valuation based on income. Such a disclosure will satisfy the requirement that the commission reveal the pathway leading to its conclusions.

█ Certain comments in the report indicate that the commission took into consideration the value of the reversion to the landowner in arriving at after-taking valuation. The Corps of Engineers took title to this property in fee simple; therefore, the value of the residual interest should be added to the taking rather than considered as part of the after-value. The time of reversion should also be reexamined in relation to the length of time the gravel would be excavated.

The commission's finding that the landowner had not carried its burden of proving that approximately 11 acres more remained in Tract 1211–3 to be excavated than was used by Mr. Hayes in determining his before-taking valuation must also be reexamined. Mr. Hayes' testimony was based solely on a conversation between him and the landowner. He could have easily misinterpreted the landowner's answer or the landowner could have misunderstood the question. Hayes' testimony seems to be contrary to all the other evidence. This is a matter which should be ascertainable. The commission might call for additional evidence on this important matter if it so desires.

It is thus the conclusion of the Court that this matter must be remanded to the commission for further evidence, if that is felt necessary, and further evaluation and analysis. The commission will now have before it the briefs and transcripts presented to the court and may call for additional briefing and argument if it so desires.

IT IS THEREFORE ORDERED that the objections to the land commissioner's report which are discussed in this memorandum are sustained.

IT IS FURTHER ORDERED that the cause be, and is hereby remanded to the land commission for further proceedings in accordance with this memorandum.