UNITED STATES of America, Appellee,

v.

158.00 ACRES OF LAND, MORE OR LESS, IN CLAY COUNTY, State of Missouri. Eugene A. and Martha Jackson, Appellants.

No. 76–2113.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1977.

Decided Sept. 28, 1977.

Rehearing Denied Dec. 12, 1977.

James G. Trimble, Kansas City, Mo., for appellants.

Anne S. Almy, Atty. Dept. of Justice, Washington, D. C., (argued), Peter R. Taft, Asst. Atty. Gen., Washington, D. C., Bert C. Hurn, U. S. Atty. and David M. Proctor, Asst. U. S. Atty., Kansas City, Mo., Edmund B. Clark, Washington, D. C., on briefs, for appellee.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and DEVITT, Chief District Judge.*

HEANEY, Circuit Judge.

Eugene A. and Martha L. Jackson appeal from a judgment of the District Court fixing just compensation in a condemnation proceeding. On May 25, 1973, the United States took 158.00 acres of land belonging to the appellants for the Smithville Lake project. The land consisted of two parcels, Tract 113 and Tract 129, that were valued as separate units. The District Court appointed a commission to hear evidence on the issue of just compensation. Fed.R. Civ.P. 71A(h). The commission heard evidence and submitted a report for each tract which the District Court subsequently adopted.

The appellants contend that the commission's reports are not detailed enough to meet the standards in *United States v. Merz,* 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964). *Merz* states that "conclusory" commission findings are not tolerated because they frustrate the District Court's review function. The District Court "will have no way of knowing what path the commissioners took through the maze of conflicting evidence." *United States v. Merz, supra* at 198, 84 S.Ct. at 643.

The appellants also argue that the commission's report on Tract 113 was inadequate because it failed to set out the contributory value of the improvements. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (hereinafter, the URA), 42 U.S.C. §§ 4601–4655, obligates the United States to make additional payments not in excess of $15,000 to displaced homeowners to help them obtain comparable replacement homes. 42 U.S.C § 4623(a)(1)(A). This replacement housing payment is based on the difference between the cost of a comparable replacement dwelling and the government's acquisition cost of the old dwelling. Since the portion of the actual award allocated to improvements was not included in the findings, the appellants were compelled to enter into a separate agreement with the government to determine the contributory value of their home.

In this separate agreement, the government placed a higher value on the home than it asserted at the condemnation trial. For relocation purposes, the home was valued at $32,000 although the government's witness at the condemnation trial testified that the home was worth only $23,800. The higher valuation for relocation purposes, of course, resulted in a lower replacement housing payment. The appellants finally argue that these inconsistent appraisals required the District Court to reopen the commission hearing to consider them.[1]

*Merz* requires a commission to make more than conclusory findings, although detailed findings such as judges make when trying a case without a jury are not required. *United States v. Merz, supra* at 198, 84 S.Ct. 639. A commission report need not contain " * * * an array of findings of subsidiary facts to demonstrate that the ultimate finding of value is soundly and legally based." *United States v. Merz, supra* at 199, 84 S.Ct. at 643. *See Morgan v. United States,* 356 F.2d 17 (8th

---

* The Honorable Edward J. Devitt, Chief Judge for the District of Minnesota, sitting by designation.

1. The appraisal utilized at the condemnation trial was alleged to violate 42 U.S.C. § 4651(2) because the appellants were not allowed to accompany the appraiser during the inspection of the property.

Cir. 1966). As just compensation is determined by valuing a parcel as a whole, not mechanically adding together its separate components, *United States v. 1,162.65 Acres of Land,* 498 F.2d 1298 (8th Cir. 1974), the contributory value of improvements may be only a subsidiary fact supporting the ultimate finding of just compensation.

■ However, in this case, the contributory value of the appellants' home has independent significance in the comprehensive statutory scheme. Since additional benefits under the URA flowed from a determination of the contributory value of the appellants' home, the contributory value was not a subsidiary fact. *See* 42 U.S.C. § 4623(a)(1)(A).

We remand this case to the District Court to determine the contributory value of the appellants' home as it was a significant fact necessary to compute benefits under the URA. On remand, the District Court, as provided in Fed.R.Civ.P. 53(e)(2), may determine this on the basis of the record made before the commission, may receive further evidence or may resubmit the issue to the commission.[2]

■ In all other respects, the commission reports met the *Merz* standards. A careful analysis of the commission reports reveals the commission's reasoning process and sufficient factual details to permit meaningful review. *See United States v. 1,162.65 Acres of Land, supra; United States v. Bell,* 363 F.2d 94 (8th Cir. 1966); *Morgan v. United States, supra.* The reports were not clearly erroneous. Fed.R.Civ.P. 53(e)(2).

The judgment of the District Court is affirmed in part and remanded for further proceedings not inconsistent with this opinion.

---

2. It is unnecessary to decide the appellants' contention that the inconsistency between the government's valuation for condemnation and relocation purposes necessitates a reopening of the commission proceeding. Such whipsawing will not occur if the district courts are required to determine the contributory value of a defendant's home when 42 U.S.C. § 4623 applies.