**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**0.21 ACRES OF LAND, etc., Defendant,**

**Forrest L. Harmon and Dona M. Harmon, Defendants-Appellants,**

**Ochopee Rock, Inc., et al., Defendants.**

No. 85–5608.

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1986.

Rehearing and Rehearing En Banc
Denied Dec. 8, 1986.

---

Toby Prince Brigham, Brigham, Moore, Muir, Gaylord, Schuster and Sachs, Alan DeSerio, Tallahassee, Fla., Gideon Kanner, Burbank, Cal., for defendants-appellants.

Albert M. Ferlo, Jr., Lombardi, Devorsetz, Stinziano & Smith, Syracuse, N.Y., Dirk D. Snel, Dept. of Justice, Land & Natural Resources Div., Appellate Section, Washington, D.C., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

JOHNSON, Circuit Judge:

Appellants, Forrest and Dona Harmon, appeal the order of the district court adopting the report of the Big Cypress Land Commission ("Commission") awarding appellants $2.1 million as just compensation for the taking of their property. We affirm.

## I. BACKGROUND

On October 11, 1974, Congress authorized the development of the Big Cypress National Preserve, and pursuant to congressional direction the National Park Service began acquiring property in order to establish this Preserve. On July 2, 1975,

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

the National Park Service informed appellants that certain of their properties were to be acquired for the project. The properties lay on both the north and south sides of U.S. Highway 41 in Ochopee, Florida. Although residential development had begun on some of the land, most of the property was undeveloped.

Appellants rejected the government's initial purchase price for the properties. After the parties continued to disagree over the purchase price, the United States filed complaints in condemnation against the properties on February 22, 1977. Appellants successfully moved to consolidate for trial the various tracts of land involved in the suit. The government acquired title to the property on October 24, 1978, by filing a declaration of taking and depositing its estimate of just compensation with the district court.

Pursuant to Fed.R.Civ.P. 71A, the district court ordered, over appellants' objection, that the matter be tried before a land commission. The district court instructed the Commission, also over appellants' objection, to determine a single award for all of the property involved.[1] In addition, the district court held two separate evidentiary hearings. The first concerned which tracts were subject to the wetlands jurisdiction of the U.S. Army Corps of Engineers, the court finding that certain tracts were subject to such jurisdiction and would require a Corps' permit before development commenced. At the second, the court concluded that a reasonable probability existed that appellants could obtain the necessary permits to develop the property according to appellants' proposed highest and best use; therefore, appellants' proposed use was not speculative. The court instructed the Commission to consider both holdings in making its award.

The trial before the Commission commenced on May 17, 1982, and consisted of 29 days of testimony over the following four months. During the course of the trial, each side presented ample evidence, and afterwards each side moved to strike portions of the evidence. The district court denied these motions. The Commission issued its report on February 13, 1983, having determined that $2.1 million constituted just compensation for appellants' property.

The district court overruled appellants' objections to the report and adopted the report. Subsequently, the court entered a final judgment awarding appellants $2.1 million plus interest. This appeal followed.

## II. DISCUSSION

As a threshold matter, we must determine the appropriate standard of review. The district court must accept the factual findings of a land commission unless clearly erroneous. Fed.R.Civ.P. 53(e)(2). Similarly, this Court can set aside the factual findings of a land commission only if those findings are clearly erroneous. *St. Genevieve Gas Co. v. Tennessee Valley Authority*, 747 F.2d 1411, 1413 (11th Cir.1984). Here, however, appellants challenge the legal sufficiency of the Commission's report. Whether a commission's report is legally sufficient is a question that precedes the question whether a commission's findings are clearly erroneous. In other words, if a commission's report inadequately explicates the commission's findings, the district court cannot tell whether the commission's award is clearly erroneous. Consequently, this Court must conduct an independent review of the Commission's report and determine whether it sufficiently details the findings supporting the Commission's valuation.

In *United States v. Merz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964), the

---

1. Appellants filed a motion pursuant to 28 U.S.C.A. § 144 seeking recusal of the Honorable William O. Mehrtens, the district court judge who issued these orders. Although both the district court and the court of appeals originally denied relief, the court of appeals granted an amended motion for a writ of mandamus and reassigned the case to the Honorable James L. King. Judge King reaffirmed both the reference of the case to the Commission and the requirement of a single award. The case was then reassigned to the Honorable C. Clyde Atkins who made all subsequent orders.

Supreme Court held that, in order for a district court to determine whether the award of a land commission is clearly erroneous, the commission must disclose in its report the basis for its award. Thus, a report is insufficient if it merely states that the award constitutes just compensation, even if the award falls within the bounds of the parties' appraisals. *United States v. 47.14 Acres of Land*, 674 F.2d 722, 725 (8th Cir.1982). Likewise, a report is insufficient if it merely summarizes the evidence without providing the commission's analysis. *Prechter v. United States*, 400 F.2d 124, 127 (5th Cir.1968). Nor can a court remedy a commission's failure to disclose the basis for its award by finding supporting evidence in the record. *United States v. 20.53 Acres of Land*, 478 F.2d 484, 487 (10th Cir.1973).

Instead, the report must indicate the valuation technique employed and the evidence relied on by the commission. *Id.; Government of Virgin Islands v. 2.6912 Acres of Land*, 396 F.2d 3, 5 (3d Cir.1968). The report must indicate also how the commission resolved significant factual disputes and how the resolution affected its determination. *Merz*, 376 U.S. at 199, 84 S.Ct. at 643; *United States v. 2,477.79 Acres of Land*, 259 F.2d 23, 29 (5th Cir. 1958). Furthermore, the commission may need to explain why it believed certain witnesses and discredited other evidence if substantial evidence conflicts with its conclusion. *United States v. Trout*, 386 F.2d 216, 224 (5th Cir.1967); *United States v. 2,175.86 Acres of Land*, 696 F.2d 351, 358 (5th Cir.1983), *aff'd sub nom. Kirby v. Forest Industries, Inc. v. United States*, 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984).

However, the commission need not provide an overly particularized report. As the Supreme Court observed, the commission need not "make detailed findings such as judges do who try a case without a jury. [Instead they should] reveal the reasoning they use in deciding on a particular award...." *Merz*, 376 U.S. at 198, 84 S.Ct. at 643. "They [the commission] should ... show 'how' material factual disputes relat-

ing to value have been resolved. But this requirement relates to a showing of the result—the fact as found—and not to a detailed itemization of the proof relied upon in order to reach that result." *United States v. Lewis*, 308 F.2d 453, 460 (9th Cir.1962). In short, the commission need indicate only the basis for its award so that the district court can determine whether the award is clearly erroneous.

■ Although the bulk of the Commission's report merely summarized the evidence presented to the Commission and restated the district court's instructions to the Commission, we find that the Commission's report substantially complies with the requirements of *Merz*. The Commission provided its findings concerning the property's best use and specifically rejected many of appellants' proposed uses for the property. The Commission indicated that it employed the comparative sales technique and noted the sales on which it most relied. It also noted the factors that affected the sales' comparability and explained why the sale of Remuda Ranch, a nearby tract of similar size and development, was the most directly comparable sale. In addition, the Commission stated that it placed heavy reliance on the testimony of Stanley Miller, a government witness. Thus, the report contains more than a bare conclusion that $2.1 million is just compensation. Although the report could have been more particularized, the report sufficiently reveals the evidence on which the Commission relied and the basis of its reasoning so that the district court was able to determine whether the award was clearly erroneous.

Appellants raise a number of questions about the report. For example, the Commission concluded that appellants failed to demonstrate by a reasonable possibility that they would obtain any of the permits necessary for the residential development of property located north of U.S. Highway 41. Appellants argue that, given the evidence supporting their position, the Commission needed to make a detailed determination of best use and value for each indi-

vidual tract of land. Appellants especially question how the Commission made this conclusion given that the government failed to present any evidence rebutting appellants' evidence concerning Tract 404–03, a small tract that lies north of U.S. Highway 41.

■ Appellants' criticisms involve questions of weight, not legal sufficiency. In *United States v. Buhler*, 254 F.2d 876, 881–82 (5th Cir.1958), the court held that a land commission's report was insufficient because the commission failed to disclose the economic units into which the property was divided in determining its value and the different highest and best uses for the various portions of the property. However, *Buhler* involved six separate takings over three years. Here, the district court specifically instructed the Commission to make a single award for the entire property. Therefore, in order to satisfy *Merz*, the Commission's report need contain sufficient conclusions supporting only its valuation of the entire property and not its component tracts. As indicated above, the report does precisely that.

■ Appellants also question why the Commission concluded that dredging the lake would be an ecological disaster but that building completely over the wetlands would not be. Furthermore, they question the Commission's treatment of the water and sewer facilities. The Commission stated that the water and sewer facilities must be treated as a development cost of the entire property and should not be separately valued. However, in comparing appellants' property to the Remuda Ranch sale, the Commission did not explicitly state whether it valued improvements on the Remuda Ranch property in a similar manner. These criticisms too involve only questions of weight. Whether the Commission's findings regarding the ecological impact of the proposed uses are clearly erroneous and whether the Remuda Ranch sale is a comparable sale do not concern the legal sufficiency of the report.

■ Furthermore, even though the Commission stated that it attached great weight to the testimony of Stanley Miller, its award was higher than Miller's valuation, the Commission believing that his deductions were "too severe." In *Georgia Power Company v. 138.30 Acres of Land*, 596 F.2d 644, 652–53 (5th Cir.1979), *rev'd en banc on other grounds*, 617 F.2d 1112 (1980), *cert. denied*, 450 U.S. 936, 101 S.Ct. 1403, 67 L.Ed.2d 372 (1981), the commission adjusted the values of some of the comparables for inflation but failed to adjust the values of other comparables. Furthermore, the commission adjusted the value of one sale downwards by 10% without providing any rationale. For these reasons the court held that the report failed to satisfy *Merz*. In *United States v. Bell*, 363 F.2d 94, 96 (8th Cir.1966), the commission stated that a witness' before-taking value was correct but reduced his figure by 5 percent. The court held that the unexplained reduction made the report insufficient. Unlike the land commissions in *Georgia Power* and *Bell*, however, the Commission did not treat Miller's testimony in an unexplained, inconsistent manner. It did not state that Miller's valuation was correct; it merely stated that it attached considerable weight to Miller's testimony. Whether that reliance was unreasonable and whether the award was clearly erroneous in light of that reliance is not a question that arises under *Merz*.

Appellants repeatedly urge us to substitute a different value for that found by the Commission and see whether or not the Commission's report supports the substituted value as well. However, that is not the measure for determining compliance with *Merz*. We are mindful that a land commission is not a jury and that *Merz* requires a commission to explain how it derived its award from the raw data. However, when viewed in its entirety, the Commission's report adequately discloses the basis for the Commission's award. The report indicates the valuation method the Commission employed, the evidence it found compelling, and the other factors it considered important. Given this informa-

tion, the district court was fully able to determine whether the award was clearly erroneous. AFFIRMED.