**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2547**

COLUMBIA GAS TRANSMISSION, LLC,

Plaintiff – Appellant,

v.

76 ACRES, MORE OR LESS, IN BALTIMORE AND HARFORD COUNTIES, MARYLAND; LAMBERT G. BOYCE, JR.; LEDLEY BYRD BOYCE; ROBERT E. BOYER, JR.; MARGARET H. KENNEY,

Defendants – Appellees,

and

CHARLES DAVID CAYCE, IV; BETTY JANE CAYCE; WILLIAM R. COLE; EDUARDO GONZALEZ; LILIANA GONZALEZ; LINDA A. GUCKERT; CHRISTOPHER GUCKERT; JOHN HERBERT HAGAN, IV; ROBERT HERBERT HAGAN; JAMES A. QUICK; SUSAN W. QUICK; JOHN THOMAS REED; KATHERINE GAYLE REED; DONALD J. ROCKER; MARITAL TRUST UNDER WILL OF GERALD J. STAUTBERG, c/o Larry Silverstein and James A. Stautberg; FRANK A. TEDESCHI; SUSAN M. TEDESCHI; MARCO ZAMORA; MARIA GUADALUPE ZIZELMAN, f/k/a Maria G. Zamora; JOSEPH VINCENT ZITO; KLARA ZITO; CONSERVATION EASEMENT HOLDER, The Manor Conservancy, Inc; ROBERT K. DE GRAW; DEBORAH DE GRAW; WILFRED L. TURK; NANCY A. TURK,

Defendants.

COLUMBIA GAS TRANSMISSION, LLC,

Plaintiff – Appellee,

v.

76 ACRES, MORE OR LESS, IN BALTIMORE AND HARFORD COUNTIES, MARYLAND; LAMBERT G. BOYCE, JR.; LEDLEY BYRD BOYCE; ROBERT E. BOYER, JR.; MARGARET H. KENNEY,

Defendants – Appellants,

and

CHARLES DAVID CAYCE, IV; BETTY JANE CAYCE; WILLIAM R. COLE; EDUARDO GONZALEZ; LILIANA GONZALEZ; LINDA A. GUCKERT; CHRISTOPHER GUCKERT; JOHN HERBERT HAGAN, IV; ROBERT HERBERT HAGAN; JAMES A. QUICK; SUSAN W. QUICK; JOHN THOMAS REED; KATHERINE GAYLE REED; DONALD J. ROCKER; MARITAL TRUST UNDER WILL OF GERALD J. STAUTBERG, c/o Larry Silverstein and James A. Stautberg; FRANK A. TEDESCHI; SUSAN M. TEDESCHI; MARCO ZAMORA; MARIA GUADALUPE ZIZELMAN, f/k/a Maria G. Zamora; JOSEPH VINCENT ZITO; KLARA ZITO; CONSERVATION EASEMENT HOLDER, The Manor Conservancy, Inc; ROBERT K. DE GRAW; DEBORAH DE GRAW; WILFRED L. TURK; NANCY A. TURK,

Defendants.

COLUMBIA GAS TRANSMISSION, LLC,

Plaintiff – Appellee,

v.

76 ACRES, MORE OR LESS, IN BALTIMORE AND HARFORD COUNTIES, MARYLAND; MARGARET H. KENNEY,

Defendants – Appellants,

and

LAMBERT G. BOYCE, JR.; LEDLEY BYRD BOYCE; ROBERT E. BOYER, JR.; CHARLES DAVID CAYCE, IV; BETTY JANE CAYCE; WILLIAM R. COLE; EDUARDO GONZALEZ; LILIANA GONZALEZ; LINDA A. GUCKERT; CHRISTOPHER GUCKERT; JOHN HERBERT HAGAN, IV; ROBERT HERBERT HAGAN; JAMES A. QUICK; SUSAN W. QUICK; JOHN THOMAS REED; KATHERINE GAYLE REED; DONALD J. ROCKER; MARITAL TRUST UNDER WILL OF GERALD J. STAUTBERG, c/o Larry Silverstein and James A. Stautberg; FRANK A. TEDESCHI; SUSAN M. TEDESCHI; MARCO ZAMORA; MARIA GUADALUPE ZIZELMAN, f/k/a Maria G. Zamora; JOSEPH VINCENT ZITO; KLARA ZITO; CONSERVATION EASEMENT HOLDER, The Manor Conservancy, Inc; DEBORAH DE GRAW; ROBERT K. DE GRAW,

Defendants.

---

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge.  (1:14-cv-00110-JFM)

---

Argued:  January 25, 2017                          Decided:  July 13, 2017

---

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished opinion.  Senior Judge Davis wrote the opinion, in which Judge Duncan and Judge Keenan joined.

---

**ARGUED:** Richard D. Holzheimer, Jr., MCGUIREWOODS LLP, Tysons Corner, Virginia, for Appellant/Cross-Appellee.  Carolyn Elefant, LAW OFFICES OF CAROLYN ELEFANT PLLC, Washington, D.C.; Jeremy Paul Hopkins, WALDO &

3

LYLE, P.C., Norfolk, Virginia, for Appellees/Cross-Appellants. **ON BRIEF:** Anastasia P. Cordova, Tysons Corner, Virginia, Jessica D. Fegan, Washington, D.C., Tennille J. Checkovich, MCGUIREWOODS LLP, Richmond, Virginia; Arnold M. Weiner, Barry L. Gogel, RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER, LLC, Baltimore, Maryland, for Appellant/Cross-Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

4

DAVIS, Senior Circuit Judge:

This appeal arises from a condemnation proceeding commenced by Appellant/Cross-Appellee Columbia Gas Transmission, LLC ("Columbia"). Columbia took by eminent domain certain easements (both permanent and temporary) over the properties of Appellees/Cross-Appellants Lambert and Ledley Boyce, Robert Boyer, and Margaret Kenney (collectively "the Landowners").[1] Following a jury trial, the Landowners were awarded compensation for Columbia's taking. Columbia now appeals, principally arguing that the district court erroneously permitted the jury to modify the size of the taking that Columbia sought.  Columbia also asserts error in several of the district court's evidentiary rulings. The Landowners cross-appeal from a pre-trial decision of the district court granting Columbia immediate possession of the easements.

We conclude that the district court erred by permitting the Boyces to contest the size of the temporary easement on their property, which resulted in a disproportionate damages award for the temporary easement. Accordingly, we vacate the jury's award with respect to the temporary easement on the Boyces' property and remand for a new trial as to that issue only. We otherwise affirm.

I.

Columbia is a natural gas company that was authorized by the Federal Energy Regulatory Commission ("FERC") to exercise the right of eminent domain in order to

---

[1] In the district court, the Landowners also included Wilfred and Nancy Turk. Pursuant to a settlement agreement with Columbia, however, the claims of the Turks have been dismissed.

construct a natural gas pipeline in Harford and Baltimore Counties, in central Maryland.[2] On January 15, 2014, Columbia commenced a condemnation action seeking to acquire certain easements—both permanent and temporary—over the Landowners' properties. As described in the complaint, the permanent easements would permit Columbia to "construct, operate, maintain, replace, repair, remove or abandon" the proposed pipeline and would extend twenty-five feet in either direction from the pipeline. J.A. 564–65. The temporary construction easements were described as being "twenty-five (25) to fifty (50) feet on either side of and adjoining the permanent easements and serve the purpose of enabling Columbia to construct [the pipeline] or to later relocate the pipeline or lay additional pipelines and to conduct all activities incident thereto, including restoration or cleanup activities." J.A. 564. The complaint also provided the relative sizes of the easements that Columbia sought:

- Boyce permanent easement: 0.68 acres
- Boyce temporary easement: 0.33 acres
- Boyce additional temporary easement: 0.32 acres
- Boyer permanent easement: 0.67 acres
- Boyer access road use: 0.09 acres
- Boyer temporary easement: 0.29 acres
- Boyer additional temporary easement: 0.12 acres
- Kenney permanent easement: 0.9965 acre
- Kenney temporary construction easement: 0.4664 acres
- Kenney temporary construction license: 0.0101 acres

---

[2] Pursuant to the Natural Gas Act, private gas companies can be granted the power to acquire property by eminent domain. 15 U.S.C. § 717f(h). In order to do so, a gas company must first obtain approval from FERC by demonstrating that the proposed gas pipeline "is or will be required by the present or future public convenience and necessity." *See generally E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 818 (4th Cir. 2004) (quoting 15 U.S.C. § 717f(e)).

J.A. 565–66.

Columbia moved for partial summary judgment, seeking immediate possession of the easements described in the complaint. The Landowners opposed the motion, arguing that the district court did not have the authority to grant Columbia possession of the easements prior to holding a trial to determine just compensation. The district court granted the motion and (after requiring Columbia to post a bond) issued a preliminary injunction permitting Columbia to take immediate possession of the easements and begin constructing the pipeline. The size and location of the temporary and permanent easements listed in the district court's order granting immediate possession were the same as those in the complaint. Thereafter, Columbia began constructing the pipeline across the Landowners' properties.

Before trial, Columbia filed two motions *in limine* relevant to this appeal. First, it moved to exclude the testimony of the Landowners' expert, Jennifer Hanna, arguing that it did not meet the reliability standard established in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The district court denied this motion, finding that because Columbia was challenging Hanna's conclusions rather than her qualifications or methodology, a *Daubert* hearing was not necessary. Second, Columbia sought to exclude claims made by some of the Landowners that the size of the temporary easements that Columbia actually took were larger than the easements described in the district court's order granting immediate possession. The district court denied this motion as well, finding that the sizes of the temporary easements were triable issues of fact.

Trial to determine the just compensation owed to the Landowners for Columbia's taking took place after Columbia completed the construction of the pipeline but while it was still restoring some portions of the Landowners' property. At the conclusion of trial, the jury returned a verdict awarding the Landowners the following damages:

- Boyce permanent easement: $29,216
- Boyce temporary easement: $50,104
- Boyce remainder: $167,011
- Boyer permanent easement: $27,872
- Boyer temporary easement: $6,144
- Boyer remainder: $93,948
- Kenney permanent easement: $43,268
- Kenney temporary easement: $7,639
- Kenney remainder: $130,668

J.A. 2152–53.

After the district court entered judgment in the amounts listed above (less certain amounts that Columbia previously paid to the Landowners), Columbia moved for a new trial. The district court denied that motion, and these timely cross-appeals followed.

II.

A.

Columbia's main contention on appeal is that the district court erroneously permitted the Landowners and the jury to modify the size of the taking that Columbia sought, specifically the temporary easements on the Boyces' (and the now-dismissed Turks') properties. Columbia also argues that the district court repeated this error in its charge to the jury and that the jury instructions permitted the Landowners to receive double recovery for certain harms related to the temporary easements. Columbia raises

8

two additional issues: it argues that the district court should have excluded testimony by the Landowners' expert and that the jury's verdict is not supported by sufficient evidence.

The Landowners cross-appeal, arguing that the district court's preliminary injunction granting Columbia immediate possession of the easement prior to trial was unconstitutional. Separate from the other Landowners, Kenney also cross-appeals, arguing that the district court erroneously prohibited her from recovering the value of certain trees that Columbia cut down.[3] We will consider each issue in turn.

B.

This Court reviews questions of law de novo. *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 668 (4th Cir. 2015). Although "[w]e review challenges to jury instructions for abuse of discretion, bearing in mind that a trial court has broad discretion in framing its instructions to a jury, . . . [w]e review de novo whether the district court's instructions to the jury were correct statements of law." *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 233 (4th Cir. 2016) (citation and internal quotation marks omitted). However, even if a jury is erroneously instructed, we will set aside a verdict only if the error "*seriously* prejudiced the challenging party's case." *Id.* (citation and internal quotation marks omitted). We review a district court's decision to admit expert testimony for abuse of discretion. *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 189

---

[3] Kenney also filed a conditional cross-appeal, in the event we overturn the jury's award. Kenney seeks a new trial based on the jury's decision to combine the damages awarded for Kenney's two properties (referred to as Lot 2 and Lot 3) rather than award damages separately for each as the verdict sheet directed. Because we do not vacate the damages awarded to Kenney, we need not decide her conditional cross-appeal.

(4th Cir. 2017). Lastly, we review for abuse of discretion a district court's denial of a motion for a new trial. *Gregg v. Ham*, 678 F.3d 333, 342–43 (4th Cir. 2012). "A district court abuses its discretion by upholding an award of damages only when the jury's verdict is against the weight of the evidence or based on evidence which is false." *Id.* (citation and internal quotation marks omitted).

1.

Columbia argues that the district court erred in permitting the Boyces to challenge the size of the temporary easements on their property, contending that in a condemnation proceeding the size of a taking cannot be modified by a court or jury. Columbia asserts that by permitting the Boyces to testify that the temporary easements Columbia took were larger than the easements described in the order granting immediate possession, the district court rendered the size of the temporary easements a factual question for the jury to decide. In support, Columbia draws our attention to the damages awarded for the temporary easement on the Boyces' property — which was much larger relative to the jury's other damages awards — attributing this discrepancy to the district court's decision to permit the jury to determine the size of the temporary easement.

Rule 71.1 of the Federal Rules of Civil Procedure governs condemnation actions. Fed. R. Civ. P. 71.1(a). The rule "provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented." *United States v. Reynolds*, 397 U.S. 14, 19 (1970); *see also* Fed. R. Civ. P. 71.1(h)(1).

Although district courts are called upon to decide many factual issues in condemnation proceedings, some issues are left to the discretion of the condemning authority. "[T]he general rule is that the extent of the take is a discretionary decision for the condemning authority which may not be modified by the judiciary"; as long as the condemnor "acts within the scope of its authority, it cannot be compelled to take other than that which it has determined is needed." *United States v. 21.54 Acres of Land, More or Less, in Marshall Cty., State of W. Va.*, 491 F.2d 301, 304 (4th Cir. 1973); *see also United States v. 300 Units of Rentable Hous., Located on Approximately 57.81 Acres of Eielson Air Force Base*, 668 F.3d 1119, 1124 (9th Cir. 2012) (stating that a "district court lacks jurisdiction to expand the scope of the eminent domain action beyond that expressed in the declaration of taking"). If the condemnor "has taken more than it has formally condemned and paid for, the landowner may recover under the Tucker Act for the additional take." *21.54 Acres of Land, More or Less, in Marshall Cty., State of W. Va.*, 491 F.2d at 304 (collecting cases); *see also 300 Units of Rentable Hous.*, 668 F.3d at 1124 (stating that a landowner may bring suit "to recover damages for the actual taking of property which is not included in the declaration of taking, but the award may not be made in a condemnation suit under the theory of damages to the remainder" and instead "must be done in a separate proceeding under the Tucker Act in the Court of Claims").

In this action, the district court repeatedly ruled that the size of the temporary easements were properly a determination for the jury. Columbia correctly sought to have

the district court define the size of the temporary easements in accordance with the order granting immediate possession, arguing that any claims that Columbia took property beyond what was described in the order had to be brought in a separate action. The district court rejected Columbia's argument, expressing disbelief that the Boyces could not contest the size of the temporary easements within a condemnation proceeding. In doing so, the district court erroneously permitted the jury to determine as a factual matter the size of the temporary easements.

Columbia had the discretion to determine the size of the temporary easements it needed to take, and neither the district court nor the jury could modify that decision. *See 21.54 Acres of Land, More or Less, in Marshall Cty., State of W. Va.*, 491 F.2d at 304. If Columbia in fact took property outside of the bounds described in the district court's order, the Boyces may be entitled to compensation, but they must bring suit separately rather than assert such collateral claims within a condemnation proceeding. *See id.* The district court therefore erred when it decided that the size of the temporary easements was a disputed factual issue that could be resolved by the jury deciding the issue of just compensation.[4]

---

[4] Columbia also takes issue with the district court's decision to allow the jury to determine the duration of the temporary easements. Because it was not fixed in either the complaint or the district court's order, Columbia concedes that the duration of the temporary easements was a factual issue to be decided at trial. However, Columbia argues that the district court, rather than the jury, had to make this factual determination.

Although Columbia repeatedly objected to the district court's decision to allow the jury to modify the size of the temporary easements, it has not pointed to anywhere in the record indicating that it ever objected to the district court's decision to submit the

(Continued)

12

Our conclusion that the district court erred does not entirely resolve the question presented, however, because, according to the Landowners, Columbia is mischaracterizing the Boyces' claim. The Landowners deny that the Boyces challenged the size of the temporary easement on their property. Rather, the Landowners argue that the Boyces were seeking temporary severance damages for the loss of use to the remainder of their property caused by the temporary easements.

To understand the Landowners' argument, we begin by discussing the measure of damages for different types of takings. When a condemning authority "takes all of an owner's property, the formulation of damages is basic: the owner is entitled to the value of the land taken." *United States v. 97.19 Acres of Land, More or Less, in Montgomery, Washington & Alleghany Ctys., Md.*, 582 F.2d 878, 880 (4th Cir. 1978). In contrast, if the land taken is less than the full extent of the property, either in terms of duration or size, then the measure of damages changes. Where a taking is temporary in duration rather than permanent, then the condemning authority "essentially takes a leasehold in the property," and "the value of the taking is what rental the marketplace would have yielded for the property taken." *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995).

---

duration of the temporary easements to the jury. Columbia's failure to object forecloses our consideration of the issue. *See United States v. 33.92356 Acres Of Land*, 585 F.3d 1, 10 (1st Cir. 2009) (finding, in a condemnation proceeding, that even if "an issue [is] for the court to decide, unless some party objects, there is no ground for overturning a decision by the trial judge to submit the question to the jury" (citations omitted)).

A special rule applies to permanent partial takings. If only part of a landowner's property is taken "the owner is not confined to recover for the part taken only, but is entitled to recover also for the damages thereby visited upon the area remaining in his title, possession and use." *97.19 Acres of Land, More or Less, in Montgomery, Washington & Alleghany Ctys., Md.*, 582 F.2d at 880 (citation and internal quotation marks omitted). Thus, the measure of damages for a partial taking is the "fair market value of the parcel actually taken plus the severance damages"; severance damages are defined as "the difference in market value of the residue before and after taking." *Id.* at 881; *see also Banisadr Bldg. Joint Venture*, 65 F.3d at 378 ("[I]t is well settled that in the event of a 'partial taking' — *i.e.*, a case in which the Government has taken one part of a larger tract, leaving the remainder to the landowner — the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking.").

At trial, the Boyces testified that Columbia's taking damaged property that was outside of the bounds delineated by the district court's order granting immediate possession. The Boyces, who used their property as a horse farm, were forced to fence in their horses as Columbia constructed its pipeline, which damaged some of the fields and fences on the Boyces' property. This damage prevented the Boyces from using their fields to feed and ride their horses. Ledley Boyce, in describing the damage to her fields and fences caused by Columbia's construction—which although temporary had not been

14

ameliorated by the time of trial—testified that "it's not like it's just the easement and the permanent and temporary easement that they've taken." J.A. 1071. Rather, Mrs. Boyce claimed that Columbia had temporarily taken her "entire smaller field . . . and the larger field." *Id.*; *see also* J.A. 1072 ("[T]hey took all my ground from me."). Lambert Boyce testified that given the damage to the Boyces' fields, the jury's award for the temporary easement should include the cost of boarding and feeding the Boyces' horses until their fields were repaired. By including these costs, Mr. Boyce estimated that the value of the temporary easement was $182,500.

This testimony supports Columbia's position that the Boyces contested the size of the temporary easement by claiming that Columbia took land that was outside of the bounds described in the district court's order. The Boyces did not just testify that they were unable to use their remaining property as a horse farm. Rather, they claimed that Columbia temporarily took additional property from them and that this additional taking should be included in the damages awarded for the temporary easement. Ledley Boyce explicitly described the damage to her fields as a taking. Lambert Boyce testified that the horse-boarding costs should be included in the award for the temporary easement not as compensation for the Boyces' loss of use of their horses (the Boyces did not in fact board their horses) but as a way to value and compensate for the damage to the Boyces' fields caused by the construction of the pipeline. *See* J.A. 1142 ("[I]f I had board, . . . I wouldn't have had the degradation of the property."). While the Boyces may recover compensation for these damages in a separate action, such an "award may not be made in

15

a condemnation suit under the theory of damages to the remainder." *See 300 Units of Rentable Hous.*, 668 F.3d at 1124.

The district court therefore erroneously permitted the Boyces to contest the size of the temporary easement on their property. The impact of this error can be seen in the jury's award. The Boyces received much more in compensation for the temporary easement ($50,104) compared to the permanent easement ($29,216), even though the latter was slightly larger in size and — to state the obvious — permanent in duration. The Boyces also received an order of magnitude more in compensation for the temporary easement relative to the other Landowners ($6,144 for Boyer and $7,639 for Kenney) even though the Boyces' temporary easement was at most only twice as large. Because the district court permitted the jury to modify the size of the temporary easement and award damages for a taking that was outside of the court's order granting immediate possession, we must reverse and remand for a new trial as to the Boyces' temporary easement damages. Any claims for a taking beyond what was described in the district court's order must be brought by the Boyces in a separate action.

2.

Columbia mounts a similar challenge to the district court's jury instructions regarding the valuation of the temporary easement. Columbia argues that the district court erroneously instructed the jury that it could award damages for property outside of the temporary easements, and that the jury should assume that Columbia would restore this same property to its prior condition. According to Columbia, this allowed the jury to

16

expand the size of the temporary easements and to award double recovery for injuries that Columbia was required repair. As discussed above, we agree that the district court erred in permitting the jury to award temporary easement damages for property that was outside of the bounds described in the district court's order granting immediate possession. Because we vacate the jury's damages award for the temporary easement on the Boyces' property, we need not further consider this argument.

3.

Columbia next argues that the district court's refusal to exclude testimony from the Landowners' expert witness, Jennifer Hanna, was an abuse of discretion. Columbia takes issue with the paired-sales analysis that Hanna used to determine the damages to the remainder of the Landowners' properties, arguing that Hanna did not compare properties that were sufficiently alike and ignored Columbia's contrary evidence.

This Court rejected a similar argument in *E. Tenn. Nat. Gas Co. v. 7.74 Acres in Wythe Cty., Va.*, 228 F. App'x 323 (4th Cir. 2007), which also involved a gas company's taking of easements in order to build a pipeline. The gas company in *7.74 Acres in Wythe Cty., Va.* argued that the testimony of the landowners' expert witnesses — who conducted an analysis like Hanna's paired-sales analysis — should have been excluded because the experts did not analyze "truly comparable" property sales and made "drastic" adjustments to the sales prices. *Id.* at 327 (internal quotation marks omitted). We held that the district court did not abuse its discretion in admitting the testimony, and concluded that the gas company was not making a "true *Daubert* challenge" and instead

17

was challenging the weight of the evidence. *Id.* at 329 (quoting *TFWS, Inc. v. Schaefer*, 325 F.3d 234, 240 (4th Cir. 2003)). The gas company failed to present evidence that the experts' analysis "ha[d] not been tested, ha[d] not been subject to peer review, ha[d] not been accepted by the appraisal community, or ha[d] a known rate of error." *Id.* at 328. Moreover, the district court was not required to determine whether the comparable sales on which the experts relied "were 'certainly correct' measurements." *Id.* Finally, we noted that the gas company had the opportunity to cross-examine the experts and present its own witnesses to contradict the landowners' experts. *Id.* We find the reasoning of this non-binding precedent persuasive and we adhere to it.

Columbia is similarly attacking the weight of Hanna's testimony rather than mounting a "true" *Daubert* challenge. Columbia, for example, has not argued that Hanna's "methods have not been tested, have not withstood peer review and publication, have excessive rates of error, have no standards for their application, or have not been accepted in their field." *See TFWS*, 325 F.3d at 240. Contrary to Columbia's contention, Hanna explained that she did not rely on Columbia's evidence because it was based on "studies from another state," which in her opinion were less relevant than the "local market data" on which her paired-sales analysis was based. J.A. 984. Moreover, as in *7.74 Acres in Wythe Cty., Va.*, Columbia had the opportunity to — and, in fact, did — cross-examine Hanna and present its own expert witness to contradict Hanna's testimony. Accordingly, the district court did not abuse its discretion in admitting the testimony.

18

4.

The last issue that Columbia raises on appeal is the sufficiency of the evidence supporting the jury's award. Columbia contends that a new trial is necessary because some of the damages awarded were not supported by the evidence produced at trial. Two of the arguments that Columbia raises go to the same award — the Boyces' temporary easement damages — and therefore were addressed above. We need not further address those contentions as a matter of evidentiary sufficiency.

Columbia's final challenge is to the evidence Kenney introduced at trial regarding damages to Lot 3 (her second property). Both Kenney and her husband, Michael Kenney, testified regarding the diminution in Lot 3's value. Margaret Kenney testified that Lot 3 was "no longer of any use," J.A. 1182, while Michael Kenney accepted a seventy percent reduction in Lot 3's value. According to Columbia, neither of the Kenneys was qualified to testify as they did because they were not qualified as experts.

Columbia's argument is meritless. Property owners are presumed to be "competent to testify on the value of [their] own property."[5] *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 542 (4th Cir. 2007). Moreover, the advisory committee note to Rule 702 of the Federal Rules of Evidence states that expert witnesses include "not only experts in the strictest sense of the word, e.g., physicians, physicists,

---

[5] While Margaret Kenney is currently the sole owner of Lot 2 and Lot 3, the Kenneys bought the properties jointly. Michael Kenney co-owned the properties for twenty-five years until title was transferred to Mrs. Kenney in 2001. Moreover, Mr. Kenney had been living on the neighboring Lot 2 for forty years at the time of the trial.

19

and architects, but also the large group sometimes called 'skilled' witnesses, such as . . . landowners testifying to land values." Fed. R. Evid. 702. Accordingly, we find that sufficient evidence supported Kenney's damages award.

5.

Having considered Columbia's appeal, we turn to the Landowners' cross-appeal. The Landowners take issue with the district court's preliminary injunction granting Columbia immediate possession of the easements before the trial to determine the Landowners' just compensation had taken place. The Landowners contend that the preliminary injunction was an unconstitutional violation of separation of powers. Although, after granting the preliminary injunction, the district court held a trial to determine just compensation, the Landowners argue that this issue is not moot because it falls within the exception to the mootness doctrine for issues capable of repetition, yet evading review.

In *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004), we held that although the Natural Gas Act does not provide for immediate possession, a "district court can use its equitable power to order immediate possession in a condemnation case." *Id.* at 820, 828. We explained that once a district court has found that a condemnor has a substantive right under the Natural Gas Act to an easement over a landowner's property, the district court can award a preliminary injunction granting immediate possession of that easement. *Id.* at 824. Here, after determining that Columbia had a substantive right to

20

the easements it sought, the district court relied on *Sage* in granting the preliminary injunction.

As Columbia correctly argues, the Landowners' cross-appeal opposing the grant of immediate possession is moot because a trial for just compensation has since occurred.[6] Rather than request a concrete remedy, the Landowners in effect seek an advisory opinion stating the district court's action was unconstitutional, which, of course, we cannot issue. *See Am. Whitewater v. Tidwell*, 770 F.3d 1108, 1120 (4th Cir. 2014).

Nor does this issue fall within the capable of repetition, yet evading review exception to the mootness doctrine. The exception has two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 229 (4th Cir.), *cert. denied,* 137 S. Ct. 374 (2016). The Landowners have not shown (and cannot feasibly show) that there is a reasonable expectation that Columbia will again seek immediate possession of the Landowners' property. *See id.* at 231–32 (holding that the capable of repetition, yet evading review exception did not apply because the plaintiff was unable to "satisfy the

---

[6] By contrast, the appeal in *Sage* proceeded directly from the district court's issuance of a preliminary injunction granting immediate possession. *Sage*, 361 F.3d at 820. Because no trial for just compensation had yet taken place, the issue was not moot.

21

same-complaining-party requirement"). Accordingly, the Landowners' cross-appeal is dismissed as moot.[7]

6.

Kenney separately cross-appeals the district court's decision that she could not recover the cost of replacing trees that Columbia cut down on her property. Kenney contends that the cost of replacing the trees should have been included in the damages awarded for the temporary easement on her property.

At trial, William Kenney testified that the value of the temporary easement should include the cost of replanting certain trees that Columbia cut down. At closing, Kenney's counsel attempted to argue that because the trees had been permanently removed, the cost of replanting them should be included in the damages awarded for the temporary easement. Columbia objected, and the district court sustained the objection, ruling that Kenney could not recover the cost of the trees. During its charge, the district court instructed the jury that it should take into account the loss of trees when determining the diminished market value and rental value of the Landowners' properties. However, the

---

[7] In addition to being moot, the Landowners' cross-appeal is meritless because *Sage*, as a published opinion, is binding on this panel. The Landowners argue that *Sage* is distinguishable because it did not mention the words "separation of powers." However, we stated that "the Constitution does not prevent a condemnor from taking possession of property before just compensation is determined and paid." *Sage*, 361 F.3d at 824. In addition, we rejected the *Sage* landowners' argument "that only Congress can grant the right of immediate possession." *Id.* Because we are bound to follow this Court's published opinions, *Stahle v. CTS Corp.*, 817 F.3d 96, 100 (4th Cir. 2016), *Sage* would require us to reject the Landowners' claim even if it was not moot.

22

court also instructed the jury that it was not to compensate the Landowners for "the value of a particular tree." J.A. 1939.

By instructing the jury to consider whether the loss of trees diminished the value of the Landowners' properties, the district court's charge captured the value of the trees. The court warned only against valuing the trees as independent "fixtures" that required compensation above any effect their removal may have had on the value of the Landowners' properties. The district court did not err in concluding that instructing the jury to focus on the diminution in value of the Landowners' properties would fully compensate the Landowners. *See United States v. 2.33 Acres of Land, more or less, Situate in Wake Cty., State of N.C.*, 704 F.2d 728, 730 (4th Cir. 1983) (stating that the measure of damages caused by a partial taking is the diminution in value of the property).

## III.

For the reasons set forth above, the judgment is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*