**UNITED STATES of America,
Appellant,**

v.

**3,317.39 ACRES OF LAND, MORE OR LESS, IN JEFFERSON COUNTY, ARKANSAS, and Earl Moore et al., Appellees.**

**No. 20467.**

United States Court of Appeals,
Eighth Circuit.

May 27, 1971.

Rehearing En Banc Denied
July 16, 1971.

Rehearing Denied July 16, 1971.

Jacques B. Gelin, Atty., Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., W. H. Dillahunty, U. S. Atty., James G. Mixon, Asst. U. S. Atty., Little Rock, Ark., S. Billingsley Hill, Anthony R. Sluga, Attys., Dept. of Justice, Washington, D. C., for appellant.

James T. Gooch, J. Hugh Lookadoo, Jr., Lookadoo, Gooch & Lookadoo, Arkadelphia, Ark., for appellees.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, Chief District Judge.

MEREDITH, Chief District Judge.

This is an appeal by the Government from a judgment in a condemnation proceeding tried before a jury. The jury awarded the landowners $976,071 as just compensation. The Government by its declaration of taking took title in fee to 13.06 acres and flowage easements of 1,947.13 acres out of a tract of land of approximately 10,000 acres, in connection with the construction of Lock and Dam No. 2 of the Arkansas River Project.

The issue presented by this appeal is whether, in a condemnation proceeding, the district court had jurisdiction to permit the landowners to introduce evidence relating to alleged flooding beyond the area described in the complaint and declaration of taking.

The date of taking was December 9, 1966. The evidence below in behalf of the landowners showed the value on the entire tract at approximately $350.00 per acre before the taking and the damage caused by the taking ranged from $123.00 per acre to $150.00 per acre for the entire tract. The basis for the damages, as testified to by the landowners' appraisers over the objection of the Government, was that up to 4,000 acres of land, in addition to the approximately 2,000 acres taken, occasionally would be flooded by the Project. The landowners' damage, according to their witnesses, ranged from $1,184,195 to $1,500,000.

The Government witnesses testified that the damage to the tracts in question caused by the taking in fee and the flowage easements amounted to from $110,000 to $116,000.

Upon completion of the testimony, the Government moved for a directed verdict on the grounds that the landowners' appraisals were not supported by any probative evidence, because they were not limited to the land described in the declaration of taking. The Government also objected to one of the instructions given by the Court to the jury.

■ In federal condemnation, where there is a partial taking of a tract, just compensation includes not only actual value of the part taken, but also depreciation in the value of the remainder resulting from the taking of part of it. As stated in Bauman v. Ross, 167 U.S. 548, at 574, 17 S.Ct. 966, at 976, 42 L.Ed. 270 (1897):

> "* * * when part only of a parcel of land is taken * * * the value of that part is not the sole measure of the compensation or damages to be paid to the owner; but the incidental injury or benefit to the part not taken is also to be considered. When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account."

If the taking in and of itself renders the remainder less valuable than before, the owner is entitled to additional compensation. Conversely, if the partial taking increases the value of the remainder, the benefit may be set off against the value of the land taken. United States v. Miller, 317 U.S. 369, at 376, 63 S.Ct. 276, at 281, 87 L.Ed. 336 (1943). This is called severance damage.

■ The nature and the extent of the interest to be acquired is discretionary with the authorized federal officials. These interests are specified in the com-

plaint and the declaration of taking, which may not be increased or decreased by the courts. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); Wilson v. United States, 350 F.2d 901 (10th Cir. 1965); United States v. Brondum, 272 F.2d 642 (5th Cir. 1959); Burkhart v. United States, 227 F.2d 659 (9th Cir. 1955); Simmonds v. United States, 199 F.2d 305 (9th Cir. 1952); United States v. Kansas City, Kan., 159 F.2d 125 (10th Cir. 1946); United States v. Sunset Cemetery Co., 132 F.2d 163 (7th Cir. 1942). See also United States v. Miller, supra; United States v. Birnbach, 400 F.2d 378 (8th Cir. 1968).

■■ The result of permitting testimony to be introduced before the jury about flooding of lands in addition to those described in the declaration of taking has the effect of increasing the declaration of taking or permitting a counterclaim in a condemnation suit, which may not be done. Boyd v. United States, 222 F.2d 493 (8th Cir. 1955); Moody v. Wickard, 78 U.S.App.D.C. 80, 136 F.2d 801 (1943); Oyster Shell Products Corp. v. United States, 197 F. 2d 1022 (5th Cir. 1952), cert. den. 344 U.S. 885, 73 S.Ct. 184, 97 L.Ed. 685 (1952).

The United States, as sovereign, is immune from suit, except when it consents to be sued, and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Oyster Shell Products Corp. v. United States, supra. The terms of the Government's consent to be sued in the facts of the instant case are defined by the Tucker Act, 28 U.S.C. § 1491.

The landowner is entitled to recover damages for the actual taking of property which is not included in the declaration of taking, but the award may not be made in a condemnation suit under the theory of damages to the remainder. This must be done in a separate proceeding under the Tucker Act in the Court of Claims, (28 U.S.C. 1491), United States v. Virginia Electric Co., 365 U.S. 624, 81 S.Ct. 784, 4 L.Ed.2d 866 (1961); United States v. Kansas City Life Ins. Co., 339 U.S. 799, 70 S.Ct. 885, 94 L.Ed. 1277 (1950); United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946); United States v. Willow River Power Co., 324 U.S. 499, 65 S.Ct. 761, 89 L.Ed. 1101 (1945); United States v. Chicago, M., St. P. & P. R. Co., 312 U.S. 592, 61 S.Ct. 772, 85 L.Ed. 1064 (1941); United States v. Cress, 243 U. S. 316, 37 S.Ct. 380, 61 L.Ed. 746 (1917); United States v. Welch, 217 U. S. 333, 30 S.Ct. 527, 54 L.Ed. 787 (1910); United States v. Lynah, 188 U. S. 445, 23 S.Ct. 349, 47 L.Ed. 539 (1903); United States v. Williams, 188 U.S. 485, 23 S.Ct. 363, 47 L.Ed. 554 (1903).

This cause will be reversed and remanded to the district court for a new trial. The award shall be limited to the damages caused to that portion of the property which is included in the declaration of taking, plus incidental damages, if any, caused by that taking to the remainder. It may not include damages to the remainder of the property which as a result of flooding was alleged to have been taken.

Reversed and remanded.