**UNITED STATES of America, Plaintiff,**

v.

**90.39 ACRES OF LAND, MORE OR LESS, situate IN POLK COUNTY, STATE OF IOWA, and Homer Edward Bradshaw et al., Defendants.**

**Civ. No. 72–15–1.**

United States District Court,
S. D. Iowa,
Central Division.

April 5, 1976.

Allen L. Donielson, U.S. Atty., James R. Rosenbaum, Asst. U.S. Atty., Des Moines, Iowa, for plaintiff.

J. Rudolph Hansen, Hansen, Wheatcraft & McClintock, Des Moines, Iowa, for defendants.

ORDER

STUART, District Judge.

This matter came on for hearing before the Court on February 6, 1976 on defendant landowner's objections to the report of the land commissioners. The landowner was represented by J. Rudolph Hansen. The United States was represented by James R. Rosenbaum. The Court has reviewed the file in the case and has examined the briefs of counsel. It is the Court's holding that the commission's determination of just compensation is not adequately supported by the report. The Court has not been able to

discover "[t]he path followed by the commissioners in reaching the amount of the award * * *". *United States v. Merz* (1964), 376 U.S. 192, 199, 84 S.Ct. 639, 643, 11 L.Ed.2d 629, 634. The commissioner's report should, but in the instant case does not, "reveal the reasoning they used in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on." *Id.* at 198, 84 S.Ct. at 643, 11 L.Ed.2d at 634. The Court will thus attempt to point out the shortcomings of the report and set the award aside.

The defendant in this case does business as the Polk City Grain Company. Before the taking, the landowner owned 8.9 contiguous acres of land. Of that amount, 4.5 acres were actively utilized by the company for grain storage and related activities. The parcel taken, totaling about 4.4 acres, was not presently used for grain storage operations. However, there was a history of rather slow but continuous expansion by the grain company. The effect of the partial taking by the government is that there is no room for expansion at the present site and no available contiguous land which can be acquired for granary purposes.

The commission determined that the before-taking value of the defendant's land was $85,000, and the after-taking value was $80,000. Just compensation was thus set at $5,000. The landowner objects to this determination on the grounds that the commissioners failed to properly value the land actually taken and failed to include any concept of "severance damages" in their award.

■ Fed.R.Civ.P. 71A and, by incorporation, Rule 53(e)(2), provide that the findings and report of a land commission shall be accepted by a district court unless found to be clearly erroneous. See, 7 J. Moore, Federal Practice ¶ 71A.90(9.–5) (1975). *United States v. Merz, supra,* teaches that conclusory findings are not acceptable under the clearly erroneous standard, for they provide "no way of knowing what path the commissioners took through the maze of conflicting evidence." *United States v. Merz, supra* at 198, 84 S.Ct. at 643, 11 L.Ed.2d at 634. It is thus required of the commissioners that they "state not only the end result of their inquiry, but the process by which they reached it." *Id.* at 199, 84 S.Ct. at 643, 11 L.Ed.2d at 635. See also, *United States v. Bell* (8th Cir., 1966), 363 F.2d 94; and 12 C. Wright & A. Miller, Federal Practice and Procedure § 3052, p. 136 (1973). After reviewing the commission's report and the available evidence, this Court must conclude that the commissioners have inadequately set forth their reasons for accepting the government expert's after-taking valuation. The report fails to explain why the landowners' after-taking valuations were rejected. Although the summary of the testimony is excellent, the Court, without further explanation of the commission's final determination, is not in a position to determine if the report is clearly erroneous.

The commission's acceptance of the after-taking valuation of the government expert in the amount of $80,000 causes the Court concern in two areas:

1. No allowance was apparently made for severance damages resulting from the fact that there was no room for expansion of the granary operation on the remaining land.

2. The per acre value of the land taken was fixed at about $648.00, which appears to have been considerably less than the price of comparable sales in the vicinity.

Each of these concepts will be briefly discussed in turn.

■ The Court considers Instruction No. 7 as a correct statement of law. That instruction provides in part:

(W)here there is an entire property such as a farm, and only a portion of the farm is taken by the government, the commission in assessing the just compensation to be paid the owner shall take into consideration, not only the property or the interest therein actually taken by the government, but the effect of that taking upon the remainder which is left to the

owner. That is to say, you first take the fair reasonable market value of the entire tract or farm at the time of the taking, and then determine the fair reasonable market value of the part remaining after the government has taken away the parts condemned, and the difference between the two would be the just compensation to the owners for that part taken by the government.

This instruction adequately reflects the law on just compensation when there has been a partial taking. As long ago as 1897, the Supreme Court clearly enunciated the standard in this fashion:

(W)hen part only of a parcel of land is taken for a highway, the value of that part is not the sole measure of the compensation or damages to be paid to the owner; but the incidental injury or benefit to the part not taken is also to be considered. When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account.

*Bauman v. Ross* (1897), 167 U.S. 548, 574, 17 S.Ct. 966, 976, 42 L.Ed. 270, 283. See also, *United States v. Miller* (1943), 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336; *United States v. 3,317.39 Acres of Land* (8th Cir., 1971), 443 F.2d 104; *United States v. Birnbach* (8th Cir., 1968), 400 F.2d 378; and 4A Nichols on Eminent Domain § 14.1(3), p. 14–32–33 (Sackman ed. 1975). Absent a contrary explanation, it would seem obvious that a partial taking which effectively precludes business growth would lead to a substantial diminution in value of the parcel not taken.

When the Court evaluates the commission's report in light of the law as stated in Instruction No. 7, it appears that the commission does not adequately state its reasons for the result reached. For instance, the commission made the following statement:

There was also testimony to the effect that except for one tract not satisfactory for the business of the defendants, there was no possibility of a purchase of any other property adjoining that of the defendants. The fact remains, however, that during all of the period of time that the company owned tract 339, the only use made of it was to dig some of it up and use it for a fill.

Report of land commission at 10.

In the Court's opinion, this statement seriously ignores the evidence of past growth of this company. Immediately following this statement, the commissioners accepted the after-taking valuation offered by the government's expert. The result of this acceptance was to limit just compensation to $5,000. Furthermore, the commissioners did not explain why they rejected the landowner's evidence concerning after-taking value. There is no discussion of the shortcomings of the landowner's testimony, especially as given by Mr. Moeckley. The Court is concerned that the commissioners failed to seriously consider the landowner's evidence merely because there had been no recent expansions of the facility. Although alternative methods of conducting an elevator operation were suggested by the government expert, there appear to be no assurances that a prospective purchaser would not consider the same type of operation and expansion program engaged in by the present owner.

The crux of the matter is that the commissioners have not adequately explained to the Court why they accepted the government's after-taking valuation as opposed to the landowner's calculations. The Court has not been shown that the commissioners were sensitive to the law as embodied in Instruction No. 7, especially in light of the fact that the partial taking would preclude further expansion of the storage facilities. The commissioners may have acted correctly in setting just compensation at $5,000, but it failed to explain the reasoning behind acceptance of the government's figure on after-taking valuation. On the basis of the record here, the Court cannot discover a rational basis for acceptance of one valuation over another. And in such a situation, the commission's report cannot be accepted. The Court is of the opinion that upon re-

mand, the landowner should be allowed to introduce competent evidence which would tend to indicate the reasonably foreseeable plans of the landowner to expand and why the vacant land was used as it was. The exhibits proposed by the landowner in their objections to the report may be considered as bearing upon this issue if they meet other standards of admissibility.

The other major concern of the Court revolves around the commission's determination that the land taken should be valued at about $648 per acre. As the landowner points out, there was no evidence of any land in that area selling at such a low figure. The value determined by the commissioners was in effect less than half of the lowest priced property used as a comparable by the government's expert. The Court is of the opinion that the commission has again inadequately explained their reasons for arriving at this valuation. The acceptance of such a conclusory figure concerning valuation leaves the Court in the dark concerning the commission's reasoning process. Such a process is required by law and the failure to include it in the report, coupled with the failure to consider severance damages, convinces the Court that further evaluation is necessary. The Court would not reject the commission's report based upon the per acre value alone. However, as noted, the acre valuation must be considered in light of the commission's failure to award severance damages. When those two aspects of the case are viewed together, it is obvious that the report of the commission cannot be accepted.

In a case such as this, the Court considers it best to remand this cause to the land commission for further proceedings. The only aspect of the case that merits further attention is the computation of after-taking valuation. The commission may, if it so desires, request the parties to present further evidence on this issue. It may also call for oral arguments or written briefs if it deems such action advisable.

IT IS THEREFORE ORDERED that the landowner's objections to the commission's report be, and hereby are, sustained in accordance with this memorandum.

IT IS FURTHER ORDERED that the cause be, and is hereby remanded to the land commission for further proceedings in accordance with this memorandum.