## UNITED STATES of America

### v.

## 37.28 ACRES OF LAND, MORE OR LESS, SITUATE IN BERKS COUNTY, COMMONWEALTH of PENNSYLVANIA, and Koziar's Christmas Village, Inc.

### Civ. A. No. 78–1945.

United States District Court, E. D. Pennsylvania.

March 27, 1981.

John T. Farrell, Jr., Spec. Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Alan I. Baskin, Reading, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Federal law requires the Government to specify not only the estate in land which it takes by eminent domain but also to articulate the intended use of the acquired land, *see* 40 U.S.C. § 258a, which can be condemned only for public purposes. *Berman v. Parker*, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), *United States ex rel. T.V.A. v. Welch*, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843 (1945); *Shoemaker v. United States*, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893). The Government obtains title only to the exact estate described in the Declaration of Taking. *United States v. 64.88 Acres of Land*, 244 F.2d 534 (3d Cir. 1957); *United States v. 40.81 Acres of Land*, No. 77–4432 (E.D.Pa. January 13, 1981); *United States v. 89.51 Acres of Land*, No. 76–862 (E.D.Pa. July 19, 1979). Conversely, the landowner may be compensated only for lands expressly described therein. *United States v. 101.88 Acres of Land*, 616 F.2d 762 (5th Cir. 1980). If, in fact, the Government takes more land than the Declaration indicates, the landowner may seek appropriate relief in a separate proceeding in the Court of Claims under the Tucker Act, 28 U.S.C. § 1491. *United States v. 3317.39 Acres of Land*, 443 F.2d 104 (8th Cir. 1971); *United States v. 40.81 Acres of Land, supra; United States v. 89.51 Acres of Land, supra*. True, the landowner is entitled to compensation that will place him "in as good position pecuniarily as he would have occupied if the property had not been taken", *United States v. Miller*, 317 U.S. 369, 373, 63 S.Ct. 276, 279, 87 L.Ed. 336 (1943), but "in a condemnation proceeding courts cannot compel the United States to take and pay for an estate not described in the declaration of taking". *United States v. Brondum*, 272 F.2d 642, 646–47 (5th Cir. 1959). *See also United States v. Clarke*, 445 U.S. 253, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980) and *United States v. 3,218.9 Acres of Land*, 619 F.2d 288 (3d Cir. 1980). Therefore, damages for flooding property not described within the Declaration of Taking may not be tried in this

action. *United States v. 89.51 Acres of Land, supra.* The Government's request for a pre-trial ruling to this effect will be granted. However, this conclusion will not preclude the landowner from offering evidence to show reduction in value of the remaining portion of its land.

■ Additionally, the Government asks for a pre-trial ruling that the landowner should not be allowed to present evidence of any physical use of the property other than the occasional overflow, flooding and submerging of the land as described in the Taking. The landowner, resisting this ruling, points to the language of the Taking, which restricts its use of the land to any

> use[ ] and enjoy[ment] without interfering with the use of the project and for the purposes authorized by Congress or abridging the rights and easements thereby acquired.

The landowner, contending that the Taking in fact is broader than the Government indicates, points to the language of the complaint which describes the public use of the land for the Blue Marsh Lake Project and "for such other uses as may be authorized by Congress or by Executive Order" and argues that the ambiguity of these words creates confusion over the actual interest acquired by the Government, which, in response to interrogatories, defined "other uses" as "recreation, navigation, water supply and irrigation" and further represented that neither Congress nor any Executive Order has ever authorized any "other uses". The possibility that in the *future* the Government's use of the land contradicts or exceeds the Declaration of Taking will not vest in the landowner a *present* cause of action for damages. *United States v. 3,218.9 Acres of Land, supra.* In light of the Government's description of the nature of the estate taken, to allow evidence of future damages would enlarge not only the Declaration of Taking beyond its language but also would impermissibly extend the limited waiver of sovereign immunity in the Tucker Act. *United States v. 3,218.9 Acres of Land, supra; United States v. 40.81 Acres of Land, supra.* Accordingly, the

landowner may show no other uses other than as defined by the Government, whose request for the second pre-trial ruling will, *pro tanto*, be granted.